Albert J. Berardocco, Petitioner *v.* Robert E. Casey, State Treasurer of the Commonwealth of Pennsylvania and Alexander F. Barbieri, Court Administrator of Pennsylvania, Respondents.

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and MACPHAIL. Judges DI-SALLE and CRAIG did not participate.

*Carmen P. Belefonte*, with him *Kassab, Cherry, Curran & Archbold*, for petitioner.

*Jonathan Vipond, III*, for respondents.

OPINION BY JUDGE CRUMLISH, JR., August 13, 1979:

Albert J. Berardocco, a duly elected District Justice of the Peace,[1] contends that he is entitled to salary, pension benefits and other emoluments of his office for the interim period between the date which

---

[1] *See Berardocco v. Colden*, 469 Pa. 452, 366 A.2d 574 (1976).

his statutory term of office commenced and the date he was formally installed, the delay resulting from an election dispute. During the period in question, Berardocco continued his position in private employment, the duties of District Justice being performed by a de facto magistrate who received the salary and other benefits of the office for the interim period in dispute.

Original action was commenced in mandamus against the Honorable Robert E. Casey, State Treasurer of the Commonwealth of Pennsylvania, and the Honorable ALEXANDER F. BARBIERI, Court Administrator of Pennsylvania. Motion for summary judgment was subsequently filed.

Motion for summary judgment granted, judgment is directed for the plaintiff.

An elected offical, upon assuming office, is entitled to receive compensation from that date which he was statutorily entitled to commence his elected term even though he did not commence performance of his official duties at that time due to an election dispute. *Reed v. Sloan*, 475 Pa. 570, 381 A.2d 421 (1977). The right to receive the compensation annexed to public office is legislative or constitutional[2] in nature and not contractual. *Reed v. Sloan, supra.* Salary and other benefits may not be offset by earnings from other sources made by the official during the interim period of dispute and belong to the de jure official even though a de facto official discharged the responsibilities of the office and received compensation. *Reed v. Sloan, supra.*

Accordingly, we

### ORDER

AND Now, this 13th day of August, 1979, plaintiff's motion for summary judgment is granted, and it is

---

[2] *See* Article V, Section 16 of the Pennsylvania Constitution.

hereby ordered and directed that judgment be entered in favor of the plaintiff and against the defendants. It is further ordered that defendant, ALEXANDER F. BARBIERI, Court Administrator of Pennsylvania, approve the payment to Albert J. Berardocco of $11,241.76 as compensation for the period from January 5, 1976, to September 9, 1976, that defendant, Robert E. Casey, State Treasurer of the Commonwealth of Pennsylvania, pay, upon receipt of a properly approved requisition, to Albert J. Berardocco the sum of $11,241.76, as judicial compensation for the said period of time and that defendants do those things required of them by law to secure for Albert J. Berardocco his pension rights and other emoluments belonging to his office from January 5, 1976.

President Judge BOWMAN dissents.

Judge MENCER concurs in the result only.